IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NEIL WILLER,<br><br>                Plaintiff,<br><br>    vs.<br><br>DT GROUP DEVELOPMENT, INC., a California corporation;  DT WILMINGTON, LP, a Delaware limited partnership;  DT ATLANTA I, LP, a Georgia limited partnership;  DT ATLANTA II, a Georgia limited partnership;  DT COLUMBIA SC, LP, a South Carolina limited partnership; TOM GALLOP, individually; DANIEL MARKEL, individually; JIM MARKEL, individually; and  DT LAS VEGAS IV, LP, a Nevada Liminted partnership;<br><br>                Defendants. | **8:13CV81**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on Defendants' Motion to Set Aside Default, (Filing No. 16).  For the reasons set forth below the motion is granted.

BACKGROUND

      Defendant DT Securities, Ltd. ("DTS") is a broker dealer headquartered in California. Defendants DT Las Vegas IV, LP ("Las Vegas IV"); DT Atlanta I, LP ("Atlanta I"); DT Atlanta II, LP ("Atlanta II"); DT Wilmington, LP ("Wilmington"); and DT Columbia SC, LP ("Columbia") are issuers of certain securities sold to Plaintiff. Defendant DT Development Group, Inc. ("DTGD") is the maker of promissory notes (the "Notes") with Plaintiff.  Individual Defendants Daniel Markel, Tom Gallop and Jim Markel are either officers of DTS and/or DTGD and are general partners of Las Vegas IV, Atlanta I, Atlanta II, Wilmington, and Columbia.  The individual defendants also served as guarantors of certain promissory notes in which plaintiff has an interest.

On June 14, 2012 Plaintiff filed a lawsuit in the District Court of Douglas County against DTCG, Daniel Markel, Jim Markel and Gallop, alleging they defaulted on the Notes. While the state court action was pending Plaintiff filed his complaint in federal court on March 8, 2013. (Filing No. 1). Plaintiff alleges the investments were sold in violation of Nebraska and Federal Securities Acts and that Defendants breached a fiduciary duty to the Plaintiff, and committed acts of negligence causing damage.

In April of 2013, prior to serving the complaint in this action, the parties entered settlement discussions and exchanged several communications containing offers and counteroffers. On April 23, 2013, Defendants sent Plaintiff a draft settlement agreement. (Filing No. 17-1 at CM/ECF p. 9). Defendant DTS was served with a copy of the complaint on June 6, 2013. Plaintiff forwarded a revised settlement agreement containing substantial changes on June 17, 2013. Defendants were not amenable to the proposed revisions. The remaining defendants filed a Waiver of Process and Entry of Appearance on July 18, 2013. (Filing No. 8). To date no answer or other responsive pleading has been filed by any of the defendants.

The parties apparently continued to negotiate a potential settlement agreement with Plaintiff's counsel requesting information on available security for the existing Notes.[1] The communications took place in October and November of 2013. (Filing No. 172 at CM/ECF pp. 5-9). Defendant sent Plaintiff's counsel information on November 21, 2013. (Filing No. 17-2 at CM/ECF p. 5). Defendant Dan Markel had a telephone conversation with Plaintiff's attorney on February 20, 2014, during which the parties

---

[1] Attorney Larry E. Welch entered an appearance on behalf of the defendants on July 18, 2013. His role in this action is not entirely clear because many of the negotiations apparently occurred between the plaintiff and one or more of the individual defendants or between plaintiff's counsel and the defendants. See, e.g., Filing No. 17-1 at CM/ECF pp. 4-6; Filing No. 17-2 at CM/ECF pp. 7-8. Presumably this was at the insistence of the defendants in an effort to settle the dispute while keeping their legal fees at a minimum. In any event, Welch withdrew on March 25, 2014 and was replaced by Defendants' current counsel.

further discussed settlement and the adequacy of the documents Defendants provided to Plaintiff's counsel. (Filing No. 17-3, ¶ 16 at CM/ECF pp. 3-4).

On March 17, 2014, Defendants received notice that Plaintiff intended to file a motion seeking a clerk's entry of default. Plaintiff filed a motion for default on March 18, 2014, which was entered on March 19, 2014, (Filing No. 11). Defendants filed their motion to set aside the default on March 27, 2014, (Filing No. 16).

## ANALYSIS

Federal Rule of Civil Procedure Rule 55(c) provides the court with discretion to set aside the entry of default for "good cause." "When examining whether good cause exists, the district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.' " Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008)(quoting Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998)).

There is a strong judicial preference against default judgments and in favor of adjudicating cases on the merits. Oberstar v. F.D.I.C., 987 F.2d 494, 504 (1993). "The judicial preference for adjudication on the merits goes to the fundamental fairness of the adjudicatory process." Id.

Applying the factors enunciated by the Eighth Circuit in Stephenson and Johnson to the facts of this case, the Courts finds good cause exists to set aside the entry of default. Defendants did not timely file an answer, but the parties were apparently engaged in good faith settlement negotiations such that the defendants believed they

3

were, at the very least, close to having an agreement finalized.[2] After initial settlement efforts fell through, the parties continued to discuss settlement terms and Defendants provided Plaintiff with the information he requested in an attempt to resolve the case. These are not the actions of a party intentionally or wilfully ignoring court deadlines or engaging in obstreperous behavior. Based on the evidence before the court, Defendants did not engage in either "contumacious or intentional delay." See Johnson v Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998). Where the parties were negotiating in good faith and at one time were apparently very close to having the case settled, (see Filing No. 17-1 at CM/ECF p. 5), Defendants' continued efforts toward settlement, prior to beginning litigation in earnest, was neither blameworthy nor culpable.

Defendants have also expressed potentially meritorious defenses, particularly those based on the statute of limitations and failure to properly meet the pleading requirements of securities fraud. The court takes no position on whether those defenses will be ultimately successful, nor is it required to do so. See, e.g., Hayek v. Big Brothers/Big Sisters of America, 198 F.R.D. 518, 524 (N.D. Iowa 2001) (the court does not need to make a finding that the defenses are absolutely convincing, "only that [Defendants'] showing must be sufficient to generate a factual or legal question as to the merits of the claim against [Defendants]."). Defendants have made a sufficient showing that factual or legal questions as to the merits exist.

As to the final factor, Plaintiff will not be prejudiced if the default is set aside. "[P]rejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits. . . . Setting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in

---

[2] Contrary to Plaintiff's argument, there is no Fed. R. Evid. 408 issue in this case. Defendant has offered evidence of settlement to refute claims that they were engaged in intentional delay and good cause exists to set aside the default. The court may consider evidence of settlement discussions under such circumstances. Fed. R. Evid. 408(b).

4

discovery, or greater opportunities for fraud and collusion.' Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir.1990)." Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 785 (8th Cir. 1998).

Plaintiff argues that setting aside the default will allow Defendants "greater opportunities for fraud and collusion." Plaintiff does not provide further explanation, other than citing to securities law and noting it was enacted to protect the investing public. The plaintiff's conclusory claim of prejudice, with no specific explanation of the anticipated fraud and collusion Defendants may commit, cannot support a finding of prejudice.

Accordingly,

IT IS ORDERED:

1) Defendants' Motion to Set Aside Default, (Filing No. 16) is granted.

2) Defendants shall file their responsive pleading on or before June 20, 2014.

Dated this 5th day of June, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.